THE MAYOR, &c., OF THE CITY OF PATERSON, PLAINTIFF IN ERROR, v. THE STATE, DEFENDANT IN ERROR.

1. A writ of error, not served upon the court to which it is addressed, but upon the opposite party, and in this condition filed in the office of the clerk of the court, and in the place of a record properly certified, left with the clerk a statement of facts agreed upon by counsel, will be dismissed.
2. Error will not lie to an order of the Supreme Court directing a *mandamus* to issue.

On error to the Supreme Court.

For the plaintiff in error, *Thomas C. Simonton, Jr.*

For the defendant in error, *De Witt. C. Bolton.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This case is not properly before the court.

It is a writ of error directed to the Supreme Court, requiring it to send up an order made by it authorizing the issuance

*30 Vroom.* Paterson v. Shields.

of a *mandamus.* But the process does not seem to have been served upon that tribunal, and consequently there is no return made by it. The writ, as appears from endorsements upon it, seems to have been served, not upon the court to which it. is addressed, but upon the defendant in this suit, and in this condition has been filed in the office of the secretary of state, and in the place of a record properly certified, have left with the clerk a statement of facts agreed upon by counsel. Under such conditions, it is enough to say that there is nothing before this court that can be noticed by it.

But if these defects in the procedure were absent, nevertheless the writ in this case would have been dismissed. The decision of the Supreme Court that is sought to be challenged in this proceeding is not one that is reviewable by this court. More than thirty years ago it was decided that a writ of error would not lie to an order directing a *mandamus* to issue. The case referred to is that of *Layton* v. *State,* 4 *Dutcher* 575. This was the common law rule, and it prevails whenever unaffected by a statutory regulation. *American Transportation and Navigation Co.* v. *New York, &c., Co., ante p.* 156. In the present instance, all that was done in the Supreme Court was a formal adjudication on motion that the writ should be issued, such decision not being founded, there being no question considered as to the constitutionality or unconstitutionality of· any statute, nor was any issue formed upon pleadings, so that there is no statutory authority that will justify the transference of the case to this court.

Therefore, let this writ be dismissed.

\* *For dismissal*—THE CHANCELLOR, DEPUE, DIXON, GUMMERE, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, KRUEGER, NIXON. 12.

---

\* Chief Justice Beasley was prevented by illness from being present when this cause was disposed of.