CITY OF CAMDEN, DEFENDANT IN ERROR, v. PUBLIC
SERVICE RAILWAY COMPANY, PLAINTIFF IN ERROR.

Submitted December 9, 1912—Decided March 3, 1913.

Section 6 of the act relative to writs of *mandamus* (*Comp. Stat.*, p.
    3216), allowing the relator to prosecute a writ of error where
    the constitutionality of a statute is determined, applies only to
    cases where the writ is denied or the rule to show cause is dis-
    charged. *Neptune Township* v. *Mannion, Collector*, 44 *Vroom*
    816; *Morris & Cummings Co.* v. *Bayonne*, 47 *Id.* 573, and *Mat-
    lock* v. *Lloyd,* distinguished.

On error to the Supreme Court, whose opinion is reported
in 53 *Vroom* 246.

For the defendant in error, *Edwin G. C. Bleakly.*

For the plaintiff in error, *Frank Bergen* and *Edward Am-
bler Armstrong.*

The opinion of the court was delivered by

SWAYZE, J. The Supreme Court made absolute a rule to
show cause why a *mandamus* should not be issued. We have
before us only the rule, the agreed facts and the order making
the rule absolute. There is no judgment and not even a writ
of *mandamus*. An attempt is made in the assignments of
error to raise a constitutional question, but this is not argued.
If it were, it could not be considered where there is no final
judgment. The statute applies only to cases where the *man-
damus* is denied or the rule discharged. *Comp. Stat.*, p. 3216,
§ 6.

The more general language in the opinions in *Neptune
Township* v. *Mannion, Collector*, 44 *Vroom* 816; *Morris &
Cummings Co.* v. *Bayonne*, 47 *Id.* 573, and *Matlock* v. *Lloyd*,
53 *Id.* 739, is to be read in view of the situation presented in
those cases, which did not call for the distinction between
cases where the rule was discharged and where it was

made absolute, since no constitutional question was raised. The writ of error must be dismissed, with costs. *Paterson* v. *Shields,* 30 *Vroom* 426.